**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**GEORGE MARSHALL**                                                                                **PETITIONER**
**ADC #80615**

v.                      **CASE NO.: 5:07CV00182 WRW/BD**

**LARRY NORRIS**                                                                           **RESPONDENT**
**Director, Arkansas Department**
**of Correction**

**RECOMMENDED DISPOSITION**

**I.**  **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

## II.    Introduction:

Pending is Petitioner George Marshall's Petition for Writ of Habeas Corpus (docket entry #2). Respondent answered and asked the Court to dismiss the petition for lack of merit, or alternatively, for Petitioner's failure to exhaust available state remedies (#21). This Court gave Petitioner an opportunity to reply to the response (#22). Petitioner replied asserting that: (1) he is entitled to summary and declaratory judgment (#27); he exhausted the available state remedies by filing a writ of mandamus in the Lincoln County Circuit Court in July of 2003 (#29); and, (3) he is barred from seeking additional state remedies by the statute of limitations for filing a writ of mandamus (#31). For the reasons that follow, the Court recommends that this Petition for Writ of Habeas Corpus (#2) be dismissed without prejudice.

### III.   Background:

Petitioner is currently serving a thirty (30) year sentence for conspiracy to commit robbery.  Petitioner states that he has Tourette's syndrome with psychotic episodes.  Petitioner alleges that he was charged with major disciplinary violations as a result of uncontrollable actions caused by his Tourette's syndrome.  As sanction for the disciplinary violations, Petitioner alleges that he lost four hundred ninety-five (495) days of good time credit.  Petitioner now seeks restoration of the good time credit through this § 2254 petition.

Petitioner filed a similar § 2254 petition on January 21, 2003.[1]  The Court dismissed the previous petition without prejudice for failing to exhaust state remedies.  Petitioner alleges that the conduct at issue in his current petition occurred on March 5 and 6, 2007.  If true, the factual predicate for the instant claim did not exist at the time Petitioner filed his previous petition.  Accordingly, this Court does not deem the current petition a second or successive petition.  See 28 U.S.C. § 2244(b)(2)(B)(i) and (ii).

### IV.   Analysis of Petitioner's Claims:

Respondent asserts that state remedies are still available to Petitioner and that the petition lacks merit (#21).  Liberally construed, Petitioner's due process claims are potentially cognizable federal habeas claims.  Petitioner is attacking the length of his confinement and is seeking restoration of his good time credits.  The appropriate avenue

---

[1] *Marshall v. Norris*, Case No. 5:03CV00027 (E.D. Ark. April 24, 2003).

for asserting these claims is a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which requires exhaustion of any available state remedies. *Offet v. Solem*, 823 F.2d 1256, 1257 (8th Cir.1987)(citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973)).  See also *Bressman v. Farrier*, 900 F.2d 1305 (8th Cir.1990)(holding inmate's action for restoration of good-time credits lost as result of disciplinary action would affect length of confinement, requiring prior exhaustion of state remedies under 28 U.S.C. § 2254).

A petition for writ of habeas corpus may be denied on the merits, notwithstanding the failure to exhaust state remedies.  28 U.S.C. § 2254(b)(2).  The current record before the Court is insufficient, however, to determine the merits of Petitioner's claims.  This is in part due to the fact that Petitioner did not develop any accompanying record by seeking state remedies.

A federal petition for writ of habeas corpus cannot be granted if the petitioner has failed to exhaust remedies available in state court.  28 U.S.C. § 2254(b)(1)(A); see also *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.1996)(*en banc*)(before a state prisoner is entitled to federal habeas corpus relief, he must first exhaust his state remedies and present the habeas claim to the state court).  This prohibition has exceptions, none of which were alleged or supported by Petitioner.  See 28 U.S.C. § 2254(b)(1)(B)(i) and (ii); See also *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998)(petitioner has the burden of showing that all available state remedies have been exhausted or that exceptional circumstances exist that would excuse the exhaustion requirement).  Instead,

Petitioner claims that he exhausted his state remedies by filing a writ of mandamus in the Lincoln County Circuit Court in July of 2003 (#29). Of course, the writ filed in 2003 did not incorporate Petitioner's current claims that arose in March of 2007. If it had, then the current petition would be well outside the one-year limitations period for federal habeas review. 28 U.S.C. § 2244(d)(1).

In addition, there is no record that Petitioner exhausted the state review process by appealing the denial of his 2003 writ. A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)(citing Picard v. Conner, 404 U.S. 270, 275-78, 92 S.Ct. 509, 512-14 (1971)). This failure to exhaust would likely cause a procedural default. See *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir.1995)("If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default."). Thus, Petitioner's assertion that he exhausted his state remedies by filing his 2003 writ is unpersuasive.

Petitioner also claims that he is barred from filing a writ of mandamus by the applicable statute of limitations (#31). The Arkansas statutes controlling writs of mandamus and declaratory judgment, Ark. Code Ann. §§ 16-111-101, *et seq*. and §§ 16-115-101, *et seq*., do not provide time limits for filing. In addition, Respondent has certified to the Court that these remedies are still available to Petitioner (#21).

Accordingly, Petitioner should have an opportunity to pursue these remedies before he procedurally defaults any federal habeas claim that he may have. *Sloan*, 54 F.3d at 1381.

V.    **Conclusion:**

Based on the foregoing and the available record in this case, the Court recommends that this Petition for Writ of Habeas Corpus (#2) be dismissed without prejudice and that Petitioner's Motion for Ruling (#35) and Motion for Hearing (#36) be denied as moot.

DATED this 11th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE